FILED

17 AUG 25 AM 8:47

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ JDT DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 16-MJ-0523-NLS |
| Plaintiff, | |
| v. | **ORDER OF DETENTION** |
| JOSE MIGUEL SOTO, | |
| Defendant. | |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq.*), a detention hearing was held on August 22, 2017, to determine whether Defendant Jose Miguel Soto should be held in custody pending trial on the grounds that he is a flight risk and a danger to the community. At the detention hearing, Special Assistant United States Attorney Amy B. Wang appeared on behalf of the United States. Attorney Keith H. Rutman appeared on behalf of Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the defense, the pretrial services report, and the complaint, the Court concludes the following: (1) the United States has met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk; (2) the United States has met its burden to demonstrate by clear and convincing evidence that Defendant is a danger to the community; and (3) that there is no condition or combination of conditions that will reasonably assure his appearance.

## I.

## FINDINGS OF FACT

A. *Nature and Circumstances of the Offense Charged, 18 U.S.C. § 3142(g)(1)*

1. Defendant is charged in a complaint with Possession of Ammunition by a Felon, in violation of 18 U.S.C. § 922(g)(1).

2. On November 30, 2015, San Diego County Probation Officers searched Defendant'sss belongings at his residence as part of a compliance check. The Officers discovered approximately 5 rounds of .38 caliber ammunition, 10 rounds of .40 caliber ammunition, and 60 rounds of .380 caliber ammunition. Record checks revealed that Defendant had previously been convicted of at least three felonies, each punishable by imprisonment for a term exceeding one year. Therefore, this factor weighs in favor of detention.

B. *Weight of the Evidence Against Defendant, 18 U.S.C. § 3142(g)(2)*

1. The weight of the evidence against Defendant, while the least important factor, is strong. Defendant's probation conditions included a valid Fourth Amendment waiver. The ammunition was found in a backpack among Defendant's belongings at his residence. Along with the ammunition, Officers found California Department of Motor Vehicles paperwork with Defendant's name on it. As such, this factor weighs in favor of detention.

C. *History and Characteristics of Defendant, 18 U.S.C. § 3142(g)(3)*

1. Characteristics of Defendant: Defendant is a United States citizen and lifelong resident of San Diego County. This factor weighs against detention.

2. Physical and Mental Condition: Issues of Defendant's physical and mental condition were not raised during the hearing. This factor will be treated as neutral.

3. Family Ties: Defendant has family ties to San Diego County. This factor weighs against detention.

4. Employment: Defendant has never been employed. This factor weighs in favor of detention.

5. Financial Resources: Defendant has no financial assets or liabilities. This factor will be treated as neutral.

6. Length of Residence: Defendant is a life-long resident of San Diego County. This factor weighs against detention.

7. Community Ties: Defendant has family and residence ties to San Diego County but reported no other community ties. This factor weighs in favor of detention.

8. Past Conduct: Defendant had previously been convicted in state court for similar conduct, i.e. being a prohibited person in possession of a firearm or ammunition. This factor will be subsumed by "Criminal History" below.

9. Drugs and Alcohol Abuse: Defendant's criminal history suggests a history of controlled substance abuse. This factor weighs in favor of detention.

10. Criminal History: Defendant has an extensive criminal history, including multiple felony convictions for drugs and for possessing firearms, ammunition, and other weapons. This factor weighs in favor of detention.

11. Record of Appearance: Defendant has one prior Failure to Appear. This factor weighs in favor of detention.

12. Probation, Parole, or Other Release: Defendant's history of repeated probation and parole violations favors detention.

## II.
## CONCLUSIONS REGARDING DETENTION

Based on the factors set forth in 18 U.S.C. § 3142(g), the only factors that weigh against detention do not outweigh the factors in favor of detention. The United States has satisfied its burden of demonstrating that Defendant is a flight risk and danger to the community and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings in this case.

## III.
## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

1      IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

     While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by counsel for the defense and for the United States.

     THIS ORDER IS ENTERED WITHOUT PREJUDICE.

     IT IS SO ORDERED.

DATED: 8-24-17

HON. NITA L. STORMES
United States Magistrate Judge